IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM DUSTIN IVEY                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO.  4:06cv038TSL-JCS

MARY MCLENDON,
CLARKE COUNTY SHERIFF'S DEPARTMENT,
THOMAS ROBINSON, AND CITY OF QUITMAN                                        DEFENDANTS

ORDER

Upon consideration of the complaint submitted according to 42 U.S.C. § 1983 in the above entitled action the court makes the following findings and conclusions.  In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The plaintiff has failed to assert any allegations against the City of Quitman.  Even though this court must liberally construe the *pro se* litigant's pleadings, this does not allow the court to consider unpled facts.  See McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)).  Therefore, the Court finds that the plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against City of Quitman.

Under state law the Clarke County Sheriff's Department is an extension of the county rather than separate legal entity that may be named as a party in an action.  Consequently, the plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against  defendant Clarke County  Sheriff's Department.  Accordingly, it is therefore

ORDERED

1. That the City of Quitman, Mississippi and the Clarke County Sheriff's Department be dismissed as defendants in this action.

2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the United States District Clerk is hereby directed to issue summons to the defendants,

> MARY MCLENDON, Jail Administrator
> Clarke County Sheriff's Office
> 444 West Donald Street
> Quitman, MS 39335
>
> THOMAS ROBINSON
> Clarke County Sheriff's Office
> 444 West Donald Street
> Quitman, MS 39335

requiring a response to the complaints. The Clerk is directed to attach a copy of this order to each complaint that will be served on the named defendant(s). The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).[1]

4. That the defendant(s) file his answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

5. That subpoenas shall not be issued except by order of the Court. The United

---

[1] By a previous order, the plaintiff has been granted in forma pauperis status.

States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

**The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the ___11th___ day of April, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE